**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL AQUINO-CONTRERAS, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-70971 Agency No. A206-410-430 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges

Ismael Aquino-Contreras, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing Aquino-

Contreras' appeal from an immigration judge's ("IJ") decision denying Aquino-

Contreras' application for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

Aquino-Contreras argues that he is entitled to asylum, but he does not challenge the BIA's finding that his asylum application was untimely and that he does not qualify for an exception to the timeliness requirement.  *See* 8 C.F.R. § 1208.4(a).  Review of this issue is waived.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, his asylum claim fails.

Aquino-Contreras' withholding of removal claim also fails.  Substantial evidence supports the BIA's conclusion that he failed to establish membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct

2

within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Moreover, substantial evidence supports the BIA's conclusion that Aquino-Contreras otherwise failed to establish he would be persecuted because of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Thus, Aquino-Contreras' withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Aquino-Contreras failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Aquino-Contreras does not challenge the BIA's denial of his motion to remand for submission of additional evidence. Review of this claim is waived. *See Martinez-Serrano*, 94 F.3d at 1259-60.

Finally, Aquino-Contreras claims, for the first time, that he should not be removed because he applied for Deferred Action for Childhood Arrivals ("DACA"), and requests remand so that he can present additional evidence regarding his DACA claims. We lack jurisdiction to consider this claim because it was never presented to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**